UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT WILLIE JOHNSON,
Plaintiff,

v.

CIVIL ACTION NO. 26-12977-MPK

FBOP OFFICER DOHERTY, et al.,
Defendants.

ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, ORDER FOR REASSIGNMENT, AND RECOMMENDATION OF DISMISSAL

October 13, 2026

KELLEY, U.S.M.J.

Robert Willie Johnson ("Plaintiff"), who is representing himself, has filed a civil complaint against FMC Devens (where he is confined), FMC Correction Officer Doherty, the Federal Bureau of Prisons ("BOP"), and the United Stated Department of Justice ("DOJ"). Compl., ECF No. 1. The last page of the complaint contains a section titled "Application to Proceed Without Prepaying Fees or Costs," which the court treats as a separate motion for leave to proceed *in forma pauperis*. *Id.* at 4. For the reasons set forth below, the court will deny without prejudice the motion for leave to proceed *in forma pauperis*, order that this action be reassigned to a District Judge, and recommend to the District Judge that this action be dismissed.

## I. **Background**

According to public records, Plaintiff is currently a defendant in ongoing criminal proceedings in the United States District Court for the Northern District of New York. *See United States v. Johnson*, 5:25-MJ-00236 (N.D.N.Y.). By amended order dated March 23, 2026, that Court held that Plaintiff was currently incompetent to stand trial in the pending federal criminal matter. *Johnson*, No. 5:25-MJ-0236, ECF No. 39. The Court also directed that Plaintiff

be committed to a mental health facility for further evaluation and treatment "to determine whether [he] will attain capacity to permit [his federal criminal] proceedings to go forward." *Id.* A hearing regarding Plaintiff's competency to stand trial in those proceedings is currently scheduled for October 30, 2026. *Johnson*, No. 5:25-MJ-00236, ECF No. 56.

## II. Motion for Leave to Proceed *in Forma Pauperis*

A prisoner seeking leave to proceed *in forma pauperis* must submit with his motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff did not submit this required prison account statement. Accordingly, the motion is DENIED without prejudice.

## III. Order to Reassign to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. This action was drawn to the undersigned Magistrate Judge under the above-described protocol.

As set forth below, this court concludes that this action is subject to *sua sponte* dismissal. However, the parties to this action have not indicated whether they consent or refuse to consent to the jurisdiction of the Magistrate Judge, and, absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. *See* 28 U.S.C. § 636(b)(1)(A). For that reason, the court will order that the Clerk of Court reassign this case to a District Judge.

## IV. Review of the Complaint

Under 28 U.S.C. § 1915A, the court must conduct a preliminary review of a complaint filed by a prisoner against a government entity or employee, and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In conducting this review, the court construes Plaintiff's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 89, 94 (2007) (per curiam).

### A. Complaint

Plaintiff's statement of his claim is as follows:

> On Jun 5, 2026 PBOP Officer Doherty issued Plaintiff opened and copied legal mail that was certified and Plaintiff signed for (7) legal mail parcels. On 06/05/2026 Plaintiff received (1) legal mail parcel from FBOP Officer John Doe 1 of FMC Devens that was opened and copied & did not sign for the legal mail. The U.S. Department of Justice, united States of America, Federal Bureau of Prisons and FMC Devens has illegally detained Plaintiff since August 12, 2025 & are subjecting Plaintiff to cruel and unusual punishments.

Compl. at 3. Plaintiff seeks $500 million in damages, release from custody, "dismissals of criminal complaints," and "civil investigative demands." *Id.* at 4.

### B. Discussion

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In other words, the United States (including its various ranches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. *Id.* "Sovereign immunity is jurisdictional in nature," *id.*, and a waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied, *see Lane v. Pena*, 518 U.S. 187, 192 (1996). Here, Plaintiff does not set forth any claim for which the United States has waived

its sovereign immunity. Thus, Plaintiff's claims against the DOJ and the FBP are subject to dismissal.[1]

In addition, Plaintiff has failed to state a claim for relief against Officer Doherty. Plaintiff's single allegations against Doherty—that he opened and copied unspecified "legal mail" and had Plaintiff sign for them—does not implicate any constitutional rights.

Finally, the proper avenue for Plaintiff to seek dismissal of the federal criminal charges against him is by motion in the pending prosecution in the Northen District of New York. *See, e.g.*, *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping.").

## V. <u>Conclusion</u>

In accordance with the foregoing, the court hereby orders:

1. The motion for leave to proceed *in forma pauperis* within the complaint, ECF No. 1 at 4, is DENIED without prejudice.

2. The Clerk of this Court shall reassign this case to a District Judge.

3 The court RECOMMENDS to the District Judge that, pursuant to 28 U.S.C. § 1915A, this action be dismissed for failure to state a claim upon which relief maybe granted and because it seeks monetary damages against a defendant who is immune from such relief.

[1] The claims against FMC must also be dismissed because it is only a building and therefore not subject to suit.

## VI. Review by District Judge

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the Report and Recommendation. The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge